Good morning, Your Honors. May it please the Court, my name is Maria Vangelis. I represent Appellant James Patton. Thank you for allowing me to appear today as a student. At the council table is my supervising attorney, Kerry Hempel. I'd like to reserve three minutes for rebuttal. Your Honors, Mr. Patton, who was a federal prisoner representing himself, is entitled to equitable tolling because the District Court's failure to transfer his 2255 motion pursuant to Section 1631 was an extraordinary circumstance without his control that made the timely filing impossible. Your Honors, Mr. Patton's motion meets the requirements of Section 1631. You know, I'm having a little trouble hearing you. Could you speak up? Mr. Patton meets the requirements of Section 1631. The transferring court lacked jurisdiction over Mr. Patton's motion in the absence of authorization from this Court, and this Court could have exercised jurisdiction over Mr. Patton's motion at the time it was filed. Transfer, Your Honors, was in the interest of justice. It was also easy for the Court to do. The purpose of 1631, Your Honors, is to allow petitioners, particularly pro se petitioners, who were confused about the proper form for review, to allow their motions to be proven merits. Your Honors, in the absence of transfer, Mr. Patton's motion was prejudiced. He was time barred. Any subsequent filings undertaken by Mr. Patton would have been barred by the statute of limitations. Your Honors, Mr. Patton filed in good faith. He was an incarcerated pro se litigant. He had filed a 2255 motion before, and the fact that a different procedure has to be followed for a subsequent motion is understandably confusing to a pro se litigant. Now, Mr. Patton, when he filed with this Court after the denial of his first or his second petition, I guess, he specifically asked us to transfer, didn't he? In his application for certificate of appealability, he did ask for transfer. So if there was – if we should have done it and didn't, it was really this Court that screwed up. Your Honors, the transfer was mandated by the 16th Amendment of the Revision of the Constitution. After the transfer was not undertaken by the district court, Mr. Patton filed a number of erroneous procedures. Wait. He didn't – I don't know that he asked the district court for a transfer, but he did ask us. He actually sent the – I believe the certificate of appealability to both the district court and this Court. I see. So the application for the certificate of appealability was made in both places and specifically asked for a transfer. Yes, Your Honors. But, of course, the statute of limitations had long since expired. Since Mr. Patton did file his original petition in the district court only days before the statute of limitations did expire. Of course, had Mr. Patton known what he was supposed to have done, this would not have been a problem for him. He would have simply followed the appropriate procedures. But in the absence of this, Your Honors, the district court was mandated to transfer his petition. This transfer would have been in the interest of justice. As I said, Mr. Patton's petition was otherwise time-barred. He did file in good faith. He merely followed the same procedures he had done before and found this process confusing. He was trying, Your Honors, to bring forth a meritorious claim before this Court or before the Court which had authority to hear – excuse me, to hear it. And this is exactly the kind of case, Your Honors, that 1631 addresses. This is a petitioner who's confused about the proper form for review, who could have timely filed his petition in the right court had he simply understood that process. The result of 1631, Your Honors, is that Mr. Patton's petition is deemed to be filed on the date of its original filing in the district court. This would make his petition timely and able to be heard on the merits. I have a slightly different question. Yes, Your Honor. When this Court granted in April of 2002 the authorization to file the second or successive 2255 motion, there was a citation to United States v. Hayden, 255 F. 3768, right at that point. Why do you take that to mean? I'm sorry, Your Honor, I don't know. I don't recall facts of Hayden. Please forgive me. I can look it up and tell you anything you like. If this Court does agree that Mr. Patton's petition ought to have been transferred under 1631, Your Honors, this Court can give effect to 1631 and allow Mr. Patton's motion to be heard on its merits by granting equitable tolling for the entire time between his original filing on June 27th of 2000 and his procedurally correct filing on July 23rd, 2002. But what happened after that? In other words, that accounts for some period of the period of time up until we deny the COA, refused to grant a COA, and maybe for a little time thereafter. But how much time did it then take until he actually filed the application for a second and successive petition? The application was filed on September 26th, 2001. Mr. Patton was confused about the instructions he was given in the government's response to his filings and the rejection by the district court to his filings until he received a denial from the – from this Court giving him the actual forms to file that he understand – then he understood what he was supposed to do. And then he took two more months? I'm sorry, Your Honor. And he took a couple more months? After he was granted the application, Your Honor? No, after he was – after the denial by this Court, how long did it take before he filed the – was told him to file the second and successive petition, how long did it take before he filed it? Approximately one month, Your Honor. This time is reasonable given the circumstances and Mr. Patton's general confusion. Also, Your Honor, in an elegant situation, this Court has held that four and a half months is not too long for a petition to reasonably and diligently pursue his claims. That was in Saffold v. Perry, Your Honor, a 2002 case from this Court. We asked for equitable tolling for the entire time between Mr. Patton's June of 2000 petition and his July of 2002 petition, Your Honors, because when this Court granted his application for authorization to file a successive 2255 motion, Mr. Patton then did so. He proceeded to do so. The transfer did not take effect. And when this 2255 motion was reported to the District Court, the District Court failed to recognize that equitable tolling should apply to it when this procedurally correct 2255 motion was before them. The District Court never ruled that it was in the interest of justice that it be transferred. What do we do with that problem? Your Honor, the District Court merely dismissed Mr. Patton's petition without considering whether transfer was in the interest of justice, or at least so the record indicates. Doesn't he have to rule on that? It was actually dismissed on a – excuse me, Your Honors, I see my time is running out. It's all right. Go ahead. His initial 2255 motion was dismissed for untimeliness and lack of jurisdiction. The government later conceded that the untimeliness issue was, in fact, incorrect. His petition was timely. But the lack of jurisdiction was because the District Court did not have jurisdiction without authorization from this Court to hear Mr. Patton's motion. Does that answer your question, Your Honor? Not really, no. In order for there to be a transfer, you have the – the District Judge had to have no jurisdiction, that's true. The appellate court had to have jurisdiction, and the transfer had to be in the interest of justice. There was never any ruling on that, so why would the transfer be appropriate? The transfer was in the interest of justice, Your Honor, and it was clearly – But he didn't rule on that. That's correct, Your Honor. So didn't he have to before – before it could be transferred? That's what the statute mandates, Your Honor. But the District Court failed to do so. And it's because of the District Court's failure to do so that there was this extraordinary circumstance beyond Mr. Patton's control that prevented timely filing, and this is why he needs equitable tolling. What I'm most concerned about, actually, is still – you said there was a month between when the – this Court gave the defendant leave to file a successive petition and when he filed it. It actually seems to have been about two and a half months. The Court denied the – gave him leave to file on April 12th, 2002, and he didn't do it until July 23rd, 2002. That's correct, Your Honor. I was actually – I thought you were asking a different question. All right. Well, it's all right. So as to this question, then, how do we – why is that period equitably tolled? Why couldn't he have filed a day later or two days later or five days later? Your Honors, this Court has previously held that as long as the Petitioner pursues his claims with reasonable diligence, then the tolling period continues. And this Court has also held that four and a half months is not too long a period for a Petitioner to be exercising reasonable diligence. Is that case that you're talking about, was that reasonable diligence after – I mean, was that reasonable diligence as to whether he was entitled to equitable tolling or was it reasonable diligence during the period that you're trying to have tolled? It's a little different. Your Honors, this was – this was not a case which presents exactly the same facts as the one currently before you. This was a case in which a State habeas Petitioner was attempting to exhaust the State habeas remedies before filing a Federal claim. And the time that elapsed between the dismissal by one court of his habeas claim and his filing with the next court was four and a half months. Well, that's quite different, because that really depends on – in part on State law, for one thing, right? Your Honors, I think the reason why this is analogous is that this Court ruled upon how long is reasonable for a Petitioner to be pursuing his claims while tolling still applied. In the case that I cite, the tolling was statutory tolling, not equitable tolling. But the question remains the same. Is this period of time an unreasonable period of time for a Petitioner to be pursuing his claims? And, Your Honors, in this case, given Mr. Patton's status as an – excuse me – as an incarcerated pro se litigant who was confused about everything that had happened in this case so far and was diligently, as a matter of fact, according to the case law of this Court, pursuing his claims, this was not an unreasonable period of time for it to take Mr. Patton to file his motion after being granted permission by this Court to do so. The parties are not aware of any case, Your Honors, in this Court in which this Court applied 1631 to the exact facts that Mr. Patton's case presents. However, other Courts have done so. The Federalist Court and Tenth Circuit have specifically mandated transfer in the case of a Petitioner, such as Mr. Patton, who incorrectly files his petition with the District Court without getting leave from the Circuit Court before doing so. The most relevant of these cases is Luriano v. United States, a Second Circuit case which sets forth a procedure whereby the District Court transfers the motion to the Appellate Court where it is treated as a request for the necessary authorization if it contains information sufficient to allow the Appeals Court to determine if authorization is appropriate. And Mr. Patton's petition, Your Honors, did contain this information. For the reasons I've discussed, Your Honors, this Court should reverse the District Court's order denying Mr. Patton's petition and remand it to the District Court for a hearing on the merits. All right. Thank you. Thank you, Your Honors. Good morning, Your Honors, and may it please the Court to request you on behalf of the United States. I'd actually like to start by addressing two of the questions, one raised by Judge Berzon and the other raised by Judge Hunt. First, as to Judge Berzon's question about the time between April 12, 2002 and July, I believe it was 19, when the District Court actually received the July 23, 2002 motion, I don't think I want to rely on that entire time period as being delayed by the defendant. And the reason for that is on April 12, of course, this Court issued its order granting the certificate. On April 24, 12 days later, the defendant filed a motion for extension of time. Within which to file. I see. So he was doing something at that time. He was doing something during that time period. Thank you. And I would also, to put it in sort of a legalistic framework, the District Court did, in fact, grant that continuance on April 26. And so I suppose that all of the time between April 26 and when he actually filed it would be out of his control as to whether or not. I have a question that I asked your opposing counsel. When we finally granted the authorization to file the second or successive motion, we said the application for authorization to file a second or successive motion is granted C, United States v. Hayden, note three. Hayden, why do you take that to mean? Well, I took it to mean, although I have to admit now looking at it again, I'm not sure that I was correct in my interpretation. When I received the order, I took it to mean that we could grant certification at any – essentially this Court could grant certification to file in retrospect looking back at. So why doesn't this answer the question? Why isn't this basically a deduction? Footnote three of Hayden says that we construe the notice of appeal as a retroactive request for permission to file the second 2255 petition. So why is – why don't we read this as essentially deciding the limitations period question, saying that the Court is granting the second successive petition retroactive to when the original petition was filed at the district court and therefore there is no limitations problem? I would argue actually that there are significant policy reasons why that should not be the case. I'm not asking whether it is the case. I'm asking whether this order says it. What else could it mean? Why else would they be citing United States v. Hayden at that point? To take care of a limitations problem, because that's what footnote three deals with. Well, Your Honor, I think my interpretation of footnote three was simply that if on appeal the 2255 did not have certification, prior certification from this Court, that this Court could then grant it in order to consider it. As a retroactive request, right? In other words, Hayden – the footnote in Hayden deals with retroactive – the timing as to – as of when the motion is being granted. I guess I would only say if the panel that issued this order was intending for that to be the case, then I suppose I would have to concede that – I don't know what they were intending, but I know that they, A, probably – it was unlikely they missed the fact that they were getting this long after a limitations period would have expired, especially because it was mentioned, as I remember, in the record. And secondly, they cited something that seemed to be addressed to that question. But I don't think, Your Honor, that this Court had the question in front of it as to whether or not equitable tolling should apply for the entire period after. But this isn't an equitable tolling ruling. It's a ruling that we're construing the notice of appeal as a retroactive request. In other words, they're construing the petition – the motion as having been made at the time the original petition was filed. So it's not an equitable tolling rule. It's a different rule. Well, anyway, you can think about it. If you have anything to say, we might ask you to say it. I'm not sure that I will have anything to say in the next five minutes. No, I mean, perhaps you should write a brief about it. But go ahead. I – if I could ask permission from the Court to do that, I will do that. Judge Pug also mentioned the question of whether the district court should have decided whether or not the interest of justice required transfer. I actually – I do read Cruz as requiring the district court to at least consider transfer, not necessarily to – not necessarily to rule on it explicitly. But I believe Cruz requires consideration of transfer. The district court could have done that in this case when the certificate of appealability was requested. But there is no ruling in the record on that issue. I was concerned about in the interest of justice, that's the other requirement. Yes. That is absolutely one of the requirements for transfer here. All right. And the fact that the judge didn't rule on that, does that give us the de novo right to rule that it was in the interest of justice? I – I think the Court – presumably, as long as there were no facts in dispute, this Court would be in justice – in a similar position to the district court. And so I think that this Court could, in fact, make that decision on appeal, which was, in fact, presented to this Court between February of 2001 and August of 2001. Yeah, I was just interested in that because I think, as a matter of fact, that ruling by a district court that's in the interest of justice is an abuse of discretion. We would review that as an abuse of discretion. So with that ruling not having been made, I'm just curious what we're to do. Well, I don't think – I suppose that even conceding, I guess, for now, that the transfer would have been in the interest of justice. That was an issue that the Petitioner could have brought up and could have been reviewed and, in fact, would appear from the record – the record implies it was reviewed on direct appeal from the denial in February of 2001. Okay. I think the trouble – Liriano, the Second Circuit case, does not reach exactly what the Petitioner needs to seek relief here. Liriano set forth the procedure under which transfer is required in all cases where 2255 is inappropriately filed. Liriano did not answer the question – well, it did answer the question of when the motion would be considered filed for statute of limitations purposes. It did not answer the question, however, of whether or not a district court's erroneous or failure, in this case, to apply 1631 would then toll the statute of limitations indefinitely. Because in order for the defendant to succeed in this appeal on the equitable tolling issue, as opposed to the – as opposed to the relation back issue that Judge Berzon has raised. On the equitable tolling issue, the clock would have restarted after the Petitioner was specifically informed by the district court on February 1st, 2001, of what he needed to do. What he needed to do to satisfy his obligation. And that time period, even if the court were to find the entire appeal procedure to August 21st, 2001, to be excludable as out of his control, there was still a month in between August 21st, 2001 and September 26th, 2001, where the Petitioner had been told by this court what to do and he didn't file. But what if – if I understand the Liriano rule, which we have not adopted yet or dealt with, but my understanding is that although Judge Huggs is quite right that ordinarily the transfer issues are discretionary, the court in Liriano essentially erected the rule that not to transfer under these circumstances would be always an abuse of discretion, right? Yes. Okay. So if we were to adopt that rule, we would essentially be saying the district court made a mistake in not transferring when requested, and we made a mistake in not transferring when he raised it in his certificate of appealability. Is the fact – so you're saying he didn't do what he was told to do, but it appears that what he was told to do may have been quite erroneous, that it was really the fact that the district court and this court made errors that put him in the position that he was in. Should he be then responsible for that month because we made a mistake?  Well, I would argue yes, Your Honor, because he – well, there are only two days left on the statute of limitations entirely because of what the defendant did. I understand that. But from thenceforward, it seems like he did everything right, actually. It was really quite clever of him to have figured out the 1631 and to have raised it, and he did. But then even after the certification was granted and then it was open for him to file, he still waited 12 days, and under – even giving three days for mailing back and forth. That's pretty speedy for somebody in prison. I agree, Your Honor. But it, in fact, shows how speedy he could be when he needed to. I understand that. But if the – so you have another month hanging out there that you say he could have done – he was told what to do and he could have done it, but I'm saying he may have been told what to do, but he was apparently told what to do in error. There was no reason for him to do that. He had done everything right up to that – if he adopted Loreano. This is hypothetical. If we believe in the Loreano rule, then he had done everything right up until that point, and it was we, by not transferring it, who put him in this position. He only had the month problem because we made a mistake. Well, I think in both Guillory, which the Petitioner cited, and Coriasso, the District Court made mistakes in those cases as well. But once the error was known to the Petitioner and explained to the Petitioner, the clock started again. And in both of those cases, they involved erroneous dismissals. And yet, once everything was sorted out and once it was explained, the Petitioner then bore the responsibility of still satisfying the remaining time on the statute of limitation. I see I'm out of time. Unless the Court has further questions, I would submit and ask the Court to affirm. Thank you. Rebuttal. Thank you, Your Honors. I'd like to address a few points raised by opposing counsel. First, Your Honors are correct when you suggest that when Mr. Patton was informed of what – excuse me, informed of what to do in terms of the government's response to his motion in terms of the Court's dismissal, there was nothing Mr. Patton could do at that point to save his motion. The difference between the current case and Coriasso was that there was time left in Coriasso in the statute of limitations for the Petitioner to undertake the appropriate procedures to get his motion heard on the merits. In this case, the statute of limitations had already run. Your Honors, the notice that was given to Mr. Patton, therefore, was a meaningless notice, and all of this was unnecessary. Any further proceedings on Mr. Patton's part should have been taken care of under the transfer statute under 1631. If the district court had merely transferred under 1631, then his petition would have been able to be heard on the merits. It would not have been time-barred, and Mr. Patton would not have had to do anything else. Your Honors, the rule of 1631 requires that the filing of Mr. Patton's petition be deemed to be the date upon which he originally filed in district court. If the judge failed to consider transfer in the district court upon Mr. Patton's filing of his motion, that's — failure to consider transfer was erroneous, since failure to consider it at least — at the very least was dictated by 1631. And since — well, we have no indication from the record that the judge even did consider transfer, but transfer was clearly in the interest of justice in this case, Your Honors. We have a pro se litigant confused by the procedure who even timely filed his petition. He just did it in the wrong court. And had he known what court he was supposed to file it in, he could easily have met the statute of limitations, even though he waited until nearly the end of his — of his statute of limitations period in order to do so. I see that my time has run out. Should we adopt the Liriano rule from the Second Circuit? I certainly think that would be in the interest of justice, Your Honors. However, it's not necessary in this case, given that transfer was in the interest of justice. Liriano basically makes a per se rule. And in this case, transfer is in the interest of justice. We can go — go right ahead and consider transfer being in the interest of justice. And Mr. Pence — But if we didn't adopt the Liriano rule, then isn't Judge Hugg right? We would have to send it back to the district court to decide? I'm sorry, Your Honors. If we didn't adopt the Liriano rule, then we wouldn't be deciding in the first instance whether it's in the interest of justice, would we? If we didn't — If we didn't adopt the Liriano per se rule, then isn't Judge Hugg right that we would have to have the district court decide the interest of justice question first? If we don't adopt the Liriano — Isn't the point of — ordinarily, the district court decides the question whether to transfer, and we review for abuse of discretion, right? That didn't happen here. The district court never decided it. That is correct, Your Honors. If we don't adopt a per se rule, then what do we do with the fact that the district court never decided it? The district court, in that case, Your Honor, simply failed in its duty under 1631. I understand that. But still, if we don't have a per se rule about it being in the interest of justice, then don't we have to get in some form or another a district court ruling before we can review it? No? I'm sorry. If the district court fails in — I understand that, right? But how can we — if we're not adopting a per se rule, then how can we decide that it was in the interest of justice, never having heard the district court's ruling and reason? The district court maybe would have found that it wasn't in the interest of justice, and we would have to review that for the abuse of discretion. That sounds correct, Your Honor. Okay. So what do you mean when you say it was in the interest of justice here? When one takes into account the equities in this case, Your Honors, we have a meritorious claim being brought forth by a pro se litigant facing what he found to be a confusing process, an understandably confusing process, who diligently pursued his claim. But isn't that the Luriano rule? Aren't you arguing for the Luriano rule, then, which is that under those circumstances it's necessarily in the interest of justice? I think the difference, Your Honor, between the rule which 1631 sets forth and the Luriano rule is that 1631 contemplates there might be instances in which it was not in the interest of justice to transfer. One of those — such an instance is not presented by this case, however. I think you really want us to adopt the Luriano rule. I certainly think that in the interest of justice, judicial commentary is a big thing to do. Yeah, we're handing it to you. All right. What school are you going to? USC, Your Honor. Okay. Well, listen, we appreciate your handling this matter, and you've done a good job, and we appreciate the help of USC. Thank you very much, Your Honor. And your mentor. Thank you. Our next matter is submitted on the briefs. That's Lauren Frank v. Forest Service. And now we come to Batista v. Stewart Enterprises. Good morning.
judges: Hug, Pregerson, Berzon